IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 25-CV-6675 |
| ) | |
| v. ) | |
| ) | Honorable Georgia N Alexakis |
| VILLAGE OF CRETE, ILLINOIS, ) | |
| METRO PARAMEDIC SERVICES, INC., ) | |
| and MICHAEL EINHORN, in his ) | Magistrate Jeannice W. Appenteng |
| individual capacity, ) | |
| ) | JURY DEMANDED |
| Defendants. ) | |
| ) | |

### DEFENDANT, MICHAEL EINHORN'S,
### REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS[1]

NOW COMES Defendant, Michael Einhorn, by and through his attorneys, the O'Reilly Law Offices, LLC, and for his Reply in support of his Motion to Dismiss Plaintiff's claim against him in Count I of Plaintiff's First Amended Complaint at Law and striking Plaintiff's request for punitive damages, states as follows:

**A. This Court should dismiss Plaintiff's claim against Michael Einhorn as he is not a proper party defendant under the Illinois Whistleblower Act**

In Count I, Plaintiff has brought a claim under the Illinois Whistleblower Act against her former employer, the Village of Crete, and its Mayor and Acting Fire Chief, Michael Einhorn, in his individual capacity. Michael Einhorn asks to be dismissed as an individually named defendant and allow this case to proceed against the Village of Crete, Plaintiff's former employer. In her Response, Plaintiff fails to address the Illinois Supreme Court's decision in *Buckner v. Atlantic*

---

[1] Counsel for Defendant, Michael Einhorn, inadvertently utilized the state court caption on his original motion to dismiss and has corrected this mistake in this Reply. Also, the state appellate court order, *Cwik v. Manteno Community Fire Protection District and Scott O'Brien, Chief*, 2024 IL App. (3d) 230036-U (3rd. Dist. 2024), was inadvertently not attached to the original motion and has been attached to this Reply.

*Plant Maintenance, Inc.,* 182 Ill. 2d 12, 20-23 (1998), where it held that plaintiff's former employer is the only proper defendant in a retaliatory discharge action, and therefore, a plaintiff may not bring a retaliatory discharge action against an employee or agent of his former employer who effected the discharge on behalf of the former employer. In her Response, Plaintiff ignores the Illinois Third District Appellate Court decision in *Cwik v. Manteno Community Fire Protection District and Scott O'Brien, Chief,* 2024 IL App. (3d) 230036-U (3rd. Dist. 2024) [Unpublished under S.Ct. Rule 23 - *this case is cited and attached hereto for persuasive purposes as permitted under* S. Ct. Rule 23(e)(1)]. The Third District Appellate Court of Illinois held in *Cwik* that the trial court properly dismissed plaintiff's claim against his Fire Chief who made the decision to terminate him, reasoning that plaintiff's employer was the Fire Protection District and his Fire Chief who terminated him did so on the District's behalf. See *id.* at ¶38-¶43. The Third District in *Cwik* found that plaintiff only has a cause of action against the District for his discharge. See *id.* at ¶38-¶43. It should be noted that this case arises from Plaintiff's past employment in Will County, Illinois, which is located in the Third District of Illinois. Since Plaintiff's whistleblower claim is predicated upon an Illinois statute, the Illinois Whistleblower Act, 740 ILCS 174/1, et seq., this Court should defer to the Third District Appellate Court and its 2024 holding in *Cwik.*

In her Response, Plaintiff relies exclusively upon some of the past rulings entered by district courts in the Northern District of Illinois on this issue. Plaintiff, however, fails to acknowledge that there are differing opinions among the various federal district courts interpreting Illinois state law on this issue. In a recent decision, *Patton v. Rhee*, 2022 WL 865835, Judge Kness found there is no individual liability contemplated under the IWA and dismissed the plaintiff's IWA claim against the individual defendants with prejudice reasoning as follows:

> The section of the IWA at issue here (740 ILCS 174/5) was based on similar language in federal antidiscrimination statutes such as the Americans with

> Disabilities Act (ADA) and Title VII, *see Parker*, 2013 WL 5799125, at *9, and the definitions of "employer" in those statutes "is simply a statutory expression of traditional *respondeat superior* liability and imposes no individual liability on agents." *Williams v. Banning*, 72 F.3d 552, 553 (7th Cir. 1995) (citation omitted). The "any person" language upon which Plaintiff relies merely "express[es] that the agents' acts are attributable to the employer." *Parker*, 2013 WL 5799125, at *9. As a matter of law, Plaintiff thus cannot state a claim against the individual defendants under the IWA. Accordingly, Plaintiff's IWA claims against the individual defendants are dismissed. Because any attempt to amend this claim would be futile in view of the foregoing analysis, the dismissal of this claim is with prejudice. *See Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("District courts have broad discretion to deny leave to amend ... where the amendment would be futile."). *Patton v. Rhee*, 2022 WL 865835 at page 4-5.

*See also Hernandez v. Sheriff of Cook Cnty.*, 2014 WL 1339686, *3 (N.D. Ill. Apr. 3, 2014) (explaining that the IWA does not permit a claim against individuals), and *Parker v. Ill. Human Rights Comm'n*, 2013 WL 5799125, *9–10 (N.D. Ill. Oct. 25, 2013).

It should be further noted that none of the federal district courts in Illinois have had the opportunity to consider the Illinois Appellate Court decision interpreting the Illinois statute in *Cwik v. Manteno Community Fire Protection District and Scott O'Brien, Chief,* 2024 IL App. (3d) 230036-U (3rd. Dist. 2024), as the briefs in all of the recent cases were completed prior to February 1, 2024, when the Illinois Appellate Court issued its order. In sum, Michael Einhorn asks this Court to rely upon the Illinois Appellate Court decision interpreting the Illinois statute in *Cwik*, and find that the employer, the Village of Crete, is the proper named defendant and not the individual, Michael Einhorn.

In her Response, Plaintiff fails to acknowledge federal precedent directing federal courts to give deference to the state's intermediate appellate courts and not deviate from the holdings of those courts absent persuasive indications that the highest court of the state would decide the case differently from the decision of the intermediate appellate court. Here, there are no persuasive indications that the Illinois Supreme Court would decide the issue differently than that of the Third

District Appellate Court in *Cwik*. In fact, the Third District Appellate Court in *Cwik* relied upon the reasoning set forth by the Illinois Supreme Court in *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 20-23 (1998) in reaching its decision. This Court should recognize that the state's highest court has already issued its opinion that the employer, not the individual decisionmaker, is the proper party defendant in employment claims such as these. This is an indication that the Supreme Court, while not having ruled explicitly on individual liability under the IWA, would rule consistently with the Third District Appellate Court in *Cwik*. For these reasons, this Court should find that the Village of Crete, Plaintiff's former employer, is the proper party defendant and dismiss Michael Einhorn, individually.

**B. This Court should dismiss Plaintiff's punitive damages claims in Count I as they are not available under the Illinois Whistleblower Act.**

In the Introduction of her Response, Plaintiff concedes Michael Einhorn's motion to strike her request for punitive damages as they are not available under the Illinois Whistleblower Act. See *Brummel v. Grossman*, 2018 IL App (1st) 170516, at ¶ 85, 121 N.E.3d 970, at 998 (1st Dist. 2018), citing *Averett v. Chicago Patrolmen's Federal Credit Union, No.*, 06 C 4606, 2007 WL 952034, at *4 (N.D. Ill. Mar. 27, 2007). Accordingly, Michael Einhorn requests this Court enter an order striking Plaintiff's request for punitive damages in this case.

WHEREFORE, the Defendant, Michael Einhorn, respectfully requests this Honorable Court to enter an order dismissing Michael Einhorn as a party defendant with prejudice and striking Plaintiff's request for punitive damages in Count I.

Respectfully submitted,

*Molly M. O'Reilly*

# CERTIFICATE OF SERVICE

I, the undersigned, an attorney, certify the **Defendant, Michael Einhorn's, Reply In Support Of Rule 12(B)(6) Motion To Dismiss** was electronically filed and served via the ECF filing system on all counsel of record as noted below on August 6, 2025.

**SERVED VIA EMAIL**

**Attorney for Plaintiff**

Heidi Karr Sleper
Kurtz, Sleper & Exline, LLC
610 W. Roosevelt Road, Suite A2, Wheaton, IL 60187
hsleper@kselegal.com

**Attorney for Metro Paramedic Services, Inc.**

Kevin R. O'Neill
One North Franklin, Suite 3200
Chicago. IL 60606
koneill@walkerwilcox.com

*Molly M. O'Reilly*
_____

Molly M. O'Reilly
O'REILLY LAW OFFICES, LLC
Attorneys for Defendants,
Village of Crete and Michael Einhorn
1751 S. Naperville Rd, #101
Wheaton, IL 60189
Telephone: (630) 665-4444
Attorney No. 6207408
E-mail: mollyoreilly@oreillylawoffices.com

2024 IL App (3d) 230036-U

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

Appellate Court of Illinois, Third District.

Christopher CWIK, Plaintiff-Appellant,

v.

MANTENO COMMUNITY FIRE PROTECTION DISTRICT, a Municipal Corporation, and Scott O'Brien, Chief, Defendants-Appellees.

Appeal No. 3-23-0036
|
Order Filed February 1, 2024

Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois. Circuit No. 21-L-62, The Honorable Lindsay Parkhurst, Judge, Presiding.

## ORDER

JUSTICE HETTEL delivered the judgment of the court.

**\*1** ¶ 1 *Held*: Trial court did not err in dismissing probationary employee's wrongful termination claims against former employer and fire chief where (1) plaintiff had no rights under collective bargaining agreement or Firemen's Disciplinary Act, (2) plaintiff failed to allege that he reported violation of a federal or state rule, law or regulation, as required to state a claim under Illinois's Whistleblower Act, and (3) fire chief was not plaintiff's employer.

¶ 2 Plaintiff Christopher Cwik, a probationary firefighter/paramedic, filed a three-count complaint against his former employer, defendant Manteno Fire Protection District (District) and its Fire Chief, defendant Scott O'Brien, alleging wrongful termination. Defendants filed motions to dismiss, which the trial court granted, eventually dismissing all of plaintiff's claims with prejudice. Plaintiff appeals, arguing that the trial court erred in dismissing his claims. We affirm.

¶ 3 **BACKGROUND**

¶ 4 On March 30, 2020, plaintiff Christopher Cwik was hired as a firefighter/paramedic by the District and became a member of the Manteno Fire Fighters Association IAFF Local 4042 (Union). At the time of plaintiff's employment with the District, the Union and District had a collective bargaining agreement. Section 8.2 of the agreement, entitled "Probation Period," provided in pertinent part:

> "A probationary period shall be twelve (12) months following the date of hire. The probationary period may be extended if the employee suffers a major illness or injury of longer than thirty (30) days.
>
> During the probationary period, a firefighter is entitled to all rights, privileges, or benefits under this Agreement except as limited by the express terms of this Agreement, which limitations include that the Fire District may suspend or discharge a probationary employee without cause and such employee shall have no recourse to the grievance procedure of the District Trustees/Board of the Fire Commissioners to contest the suspension or discharge."

¶ 5 On December 22, 2020, Chief O'Brien provided plaintiff with a letter, which stated "that a formal investigation is being initiated for possible violations in relation to an EMS call that occurred on December 20, 2020." The letter further provided: "This allegation, if proven, will result in your suspension and possible termination from the Manteno Community Fire Protection District."

¶ 6 On the same day, Chief O'Brien interviewed plaintiff. Immediately after that interview, Chief O'Brien provided plaintiff with a memo, which stated in its entirety: "Your employment as a probationary firefighter/paramedic is hereby terminated (effective immediately) for failing to successfully complete the conditions/expectations of probationary employment for the Manteno Community Fire Protection District." On December 31, 2020, Chief O'Brien notified the District's Board of Trustees that plaintiff's employment had been terminated on December 22, 2020 "for failing to successfully complete the conditions/expectations of probationary employment for the Manteno Community Fire Protection District."

**\*2** ¶ 7 On June 29, 2021, plaintiff filed a complaint against defendants alleging wrongful discharge. Count I alleged his termination violated the collective bargaining agreement between the District and the Union, as well as the Firemen's Disciplinary Act (🚩 50 ILCS 745/1 *et seq.* (West 2020)).

Count II alleged the District violated the Whistleblower Act (740 ILCS 174/1 *et seq.* (West 2020)). Count III alleged O'Brien violated the Whistleblower Act.

¶ 8 Defendants filed a motion to dismiss plaintiff's complaint, pursuant to sections 2-615 and 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 619 (West 2020)), arguing that (1) O'Brien was not a proper defendant because he was not plaintiff's employer, (2) plaintiff failed to adequately plead facts showing he was discharged in retaliation for his activities as a "whistleblower"; (3) and plaintiff had no cause of action under the Firemen's Disciplinary Act.

¶ 9 On January 31, 2022, the trial court issued an order (1) dismissing count III with prejudice because "a cause of action for wrongful termination lies against the employer alone," (2) dismissing count I with prejudice because plaintiff had no rights under the collective bargaining agreement or the Firemen's Disciplinary Act, and (3) dismissing count II without prejudice, to give plaintiff "an opportunity to amend with regards to the allegations of violation of the Whistleblower's Act."

¶ 10 On March 1, 2022, plaintiff filed an amended complaint against the District. In that complaint, plaintiff alleged that he responded to a building fire in Manteno on November 22, 2020, along with other District personnel. At the scene of that fire, plaintiff was injured when he was "hit by water flow from another responding unit's 'deck gun.' " Plaintiff alleged that on "multiple occasions," he "brought to the attention of and attempted to discuss" with District supervisors, including Chief O'Brien, "his concerns regarding the violation of mandatory procedures that resulted in the injuries" he sustained on November 22, 2020. He further alleged that the reason given for his discharge ("verbally aggressive behavior") was a "subterfuge" and that he was actually terminated because of his " 'whistle-blowing' activities."

¶ 11 The District filed a motion to dismiss, pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)), asserting that plaintiff failed to state a claim for violation of the Whistleblower Act because plaintiff (1) never mentioned violations of District procedures to anyone other than his employer, and (2) failed to "identify a specific expression of public policy" that was violated by his termination. Plaintiff filed a consolidated response to the motion and a request for sanctions, arguing that defendants' motion to dismiss violated the Code and Supreme Court Rules.

¶ 12 On August 10, 2022, the trial court again dismissed count II of plaintiff's complaint without prejudice, finding that plaintiff failed to allege facts sufficient to state a cause of action. The trial court also denied plaintiff's motion for sanctions.

¶ 13 Thereafter, plaintiff filed his second amended complaint. In that complaint, plaintiff alleged that the District "maintains a 'Procedures Manual' that mandates certain duties, responsibilities and operational procedures for responding units and personnel to fire incidents." Plaintiff further alleged that on November 22, 2020, District personnel:

> **\*3** "violated Fire Protection District procedures as published in the 'Procedures Manual' including, but not limited to, 'Fire Response Duties' (Procedure 300; Second arriving engine improperly staffed and water supply and support endangered Plaintiff and others), 'Fire Attack' (Procedure 304; improperly provided fire streams that endangered Plaintiff and others), 'Fire Attack Operations' (Procedure 1503; use of a master stream device at an offensive fire was improper) and 'Fire Ground Safety' (Procedure 1502; all personnel not wearing proper protective equipment)."

Plaintiff again alleged that he attempted to discuss "his concerns regarding the violation of mandatory procedures" with "District supervisors," including Chief O'Brien on "multiple occasions."

¶ 14 Specifically, plaintiff alleged that on November 22, 2020, he complained to Chief O'Brien and Battalion Chief Perkins that he was injured because District personnel did not follow mandatory District policies and procedures and were insufficiently trained. Plaintiff alleged that he made those same complaints to Lt. Meade and Lt. Terrell on November 23, 2020, Battalion Chief Hartman on December 1, 2020, Chief O'Brien again on December 22, 2020, and to the same individuals on other dates he could not recall. Plaintiff alleged that he "had reasonable cause to believe there was a violation of a state or federal law, rule or regulation, and attempted to disclose wrongdoing that he disclosed to a governmental agency; thus, he is protected from any employer retaliation by the Whistleblower Act."

¶ 15 The District filed a motion to dismiss, arguing that plaintiff's second amended complaint was deficient because plaintiff failed to (1) identify a specific state or federal law the District violated, (2) report an alleged violation to anyone

other than his own employer, and (3) identify a specific public policy that his termination violated. On November 30, 2022, the trial court entered an order granting the District's motion to dismiss, dismissing plaintiff's second amended complaint with prejudice, pursuant to section 2-615 of the Code (735 ILCS 5/2-615) (West 2020). The court, noting that this was plaintiff's "3rd bite at the apple," found plaintiff still failed to (1) "identify a disclosure regarding a state or federal law, rule, or regulation as required by the Whistleblower Act", and (2) "plead disclosure to an outside entity which is necessary because Illinois law holds a whistleblower claim cannot stand when a government employee is complaining to his own government employer about that employer's alleged misconduct."

¶ 16 On December 27, 2022, plaintiff filed a motion for sanctions against the District and its attorney. On January 12, 2023, the trial court declined to rule on plaintiff's motion for sanctions, finding that it had no jurisdiction to do so because "[t]his case was dismissed with prejudice on 11-30-22." On January 26, 2023, plaintiff filed a notice of appeal, appealing the trial court's dismissal of his complaint and its refusal to rule on his motion for sanctions.

¶ 17 On September 26, 2023, we entered an order for a limited remand to the trial court, ordering it to rule on plaintiff's motion for sanctions. On December 19, 2023, the trial court entered an order denying plaintiff's motion for sanctions. On December 26, 2023, plaintiff filed a motion to supplement the appellate record with the trial court's order and related documents. On January 5, 2024, we allowed plaintiff's motion to supplement the appellate record.

¶ 18 In a motion filed with this court on December 29, 2023, plaintiff's counsel asserted: "Plaintiff-Appellant will not be appealing the December 19, 2023 Order of the Circuit Court denying Plaintiff's Motion for Sanctions." Thus, the only issue on appeal is whether the trial court properly dismissed plaintiff's complaint.

¶ 19 ANALYSIS

*4 ¶ 20 The trial court dismissed counts I and II of plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)) and count III pursuant to section 2-619 of the Code (*id.* § 2-619).

¶ 21 A motion brought pursuant to section 2-615 of the Code tests the legal sufficiency of a complaint based on defects apparent on its face. *Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. A section 2-615 motion to dismiss presents the question of whether the facts alleged in the complaint, viewed in a light most favorable to the plaintiff and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to state a cause of action upon which relief can be granted. *Id.* ¶ 16. "Thus, a cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). While a plaintiff is not required to set forth evidence in his complaint, he is required to allege facts sufficient to bring a claim within a legally recognized cause of action. *Id.* at 429-430.

¶ 22 When a defendant files a motion to dismiss a plaintiff's complaint under section 2-619 of the Code, all well-pleaded facts and reasonable inferences are accepted as true. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277 (2003). A section 2-619 motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. *Id.* at 277-78. We review *de novo* trial court orders granting or denying motions to dismiss brought pursuant to sections 2-615 and 2-619 of the Code. *See id.* at 266.

¶ 23 I.

¶ 24 Plaintiff first argues that the trial court erred in dismissing count I of his complaint, wherein he alleged that his termination violated the collective bargaining agreement between the Union and the District, as well as the Illinois Firemen's Disciplinary Act (50 ILCS 745/1 *et seq.* (West 2020)).

¶ 25 Municipal fire boards are obligated to follow their own rules regarding the discharge of probationary officers. See *Faustrum v. Board of Fire and Police Commissioners of Village of Wauconda*, 240 Ill. App. 3d 947, 951 (1993). Absent a clear statement to the contrary in its regulations, a municipal fire board can lawfully discharge a probationary employee without a pretermination notice or hearing. *Id.* at

**Cwik v. Manteno Community Fire Protection District**, Not Reported in N.E. Rptr. (2024)

2024 IL App (3d) 230036-U

952; *Burgess v. Board of Fire and Police Commissioners of Village of Evergreen Park*, 275 Ill. App. 3d 315, 322 (1995).

¶ 26 The Firemen's Disciplinary Act sets forth procedures for the interrogation of firefighters. See 50 ILCS 745/3 (West 2020). However, section 6 of the Act provides: "The provisions of this Act apply only to the extent there is no collective bargaining agreement currently in effect dealing with the subject matter of this Act." *Id.* § 6.

¶ 27 Here, a collective bargaining agreement exists between the Union and the District that addressed the same subject matter as the Firemen's Disciplinary Act. That agreement provided that "the Fire District may suspend or discharge a probationary employee without cause and such employee shall have no recourse to the grievance procedure of the District Trustees Board of the Fire Commissioners to contest the suspension or discharge." Thus, plaintiff had no rights to enforce under the collective bargaining agreement. Additionally, because the Union and District have a collective bargaining agreement, the Firemen's Disciplinary Act did not apply. See *id.* Therefore, the trial court properly dismissed plaintiff's claims brought in count I of his complaint.

¶ 28 II.

**\*5** ¶ 29 Plaintiff additionally argues that the trial court erred by dismissing count II of his complaint, wherein he alleged the District violated the Whistleblower Act (740 ILCS 174/1 *et seq.* (West 2020)).

¶ 30 Section 15(b) of the Whistleblower Act provides: "An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b) (West 2020). To establish a cause of action under section 15(b), the employee must show (1) an adverse employment action by his or her employer, (2) which was in retaliation (3) for the employee's disclosure to a government or law enforcement agency (4) of a suspected violation of an Illinois or federal law, rule, or regulation. *Sweeney v. City of Decatur*, 2017 IL App (4th) 160492, ¶ 15. Section 15(b) provides for recovery if an employer takes any retaliatory action against an employee "for making a good faith report of suspected illegal activity."

*Taylor v. Board of Education of the City of Chicago*, 2014 IL App (1st) 123744, ¶ 52.

¶ 31 Here, the circuit court found that plaintiff's complaint was insufficient to state a cause of action under the Whistleblower Act, in part, because plaintiff failed to identify a state or federal law, rule or regulation he suspected the District violated. We agree.

¶ 32 In his second amended complaint, plaintiff identified "activities of certain District personnel" that "violated Fire Protection District procedures as published in the 'Procedures Manual.' " He further alleged that he disclosed "the violation of [these] mandatory procedures" to his superiors. Plaintiff's complaint is devoid of reference to any state or federal, law, rule or regulation that the District or its personnel allegedly violated. Nevertheless, plaintiff contends that violations of District rules and/or regulations are sufficient to support his claim under the Whistleblower Act, arguing that the adjectives "State" and "federal" modify only the word "law" and not the words "rule" or "regulation" in section 15. We disagree with this contention for several reasons.

¶ 33 First, it is well-settled that reporting a violation of an employer's internal policies or procedures does not state a claim under whistleblower statutes. See *Rodriguez v. Laboratory Corporation of America*, 623 F. Supp. 3d 1047, 1055 (C.D. Cal. 2022); *Olinger v. Renville County Hospital & Clinics*, 423 F. Supp. 3d 680, 692 (D. Minn. 2019); *Cluff-Landry v. Roman Catholic Bishop of Manchester*, 156 A. 3d 147, 151-52 (N.H. 2017); *Coward v. MCG Health, Inc.*, 802 S.E. 2d 396, 400 (Ct. App. Ga. 2017); *University of Houston v. Barth*, 403 S.W. 3d 851, 854-56 (Tex. 2013); *Connor v. Clinton County Prison*, 963 F. Supp. 442, 451 (M.D. Penn. 1997). Because the cases above were decided in jurisdictions outside this state, they are not binding on us. See *Kostal v. Pinkus Dermatopathology Laboratory, P.C.*, 357 Ill. App. 3d 381, 395 (2005). Nevertheless, we find them persuasive. See *id.* (quoting *In re Marriage of Raski*, 64 Ill. App. 3d 629, 633 (1978)) ("Although they are not binding, comparable court decisions of other jurisdictions 'are persuasive authority and entitled to respect.' ").

**\*6** ¶ 34 Illinois's Whistleblower Act is intended to protect employees from retaliation when they report "suspected illegal activity." See *Taylor*, 2014 IL App (1st) 123744, ¶ 52. Complaints arising under internal policies and procedures are not the type of activity the Whistleblower Act was intended

to protect. See *Coward*, 802 S.E. 2d at 400 (construing Georgia's Whistleblower Statute (Ga. Code Ann. § 45-1-4 (2012)), which contains language nearly identical to Illinois's Whistleblower Act).

¶ 35 Furthermore, plaintiff's interpretation of the Whistleblower Act is not supported by established principles of statutory construction. "The primary objective of statutory interpretation is to ascertain and give effect to the General Assembly's intent." *People v. Davidson*, 2023 IL 127538, ¶ 14. The best indicator of legislative intent is the plain and ordinary language of the statute. *Id.* When interpreting a statute, we must construe it in a way that is practical and based on common sense. *Best Buy Stores, L.P. v. Department of Revenue*, 2020 IL App (1st) 191680, ¶ 16. We may also assume that the legislature employed proper grammar. See *Lyons Township ex rel. Kielczynski v. Village of Indian Head Park*, 2017 IL App (1st) 161574, ¶ 26.

¶ 36 According to commonly understood principles of grammar, when one or more adjectives precede a series of nouns, the adjectives modify all the nouns in the series. See *id*; *People v. Davidson*, 2023 IL 127538, ¶ 16; *Konstantelos v. Great American Casualty Co.*, 241 Ill. App. 283, 286 (1926). Thus, the adjectives "State" or "federal" in section 15(b) of the Whistleblower Act modify each of the words that follow it: "law," "rule," and "regulation." See 740 ILCS 174/15(b) (West 2020). To allege a violation of the Whistleblower Act, plaintiff had to allege that he disclosed a violation of a State or federal law, State or federal rule, or State or federal regulation. See *id.*

¶ 37 Here, plaintiff alleged in his second amended complaint that he "had reasonable cause to believe there was a violation of a state or federal law, rule or regulation" that he disclosed or attempted to disclose. However, plaintiff failed to identify any "state or federal law, rule or regulation" he reasonably believed the District violated. Instead, plaintiff identified only internal District policies the District allegedly violated. Because plaintiff failed to identify "a State or federal law, rule, or regulation" that he reasonably believed the District violated, plaintiff's allegations were insufficient to state a claim under the Whistleblower Act, and the trial court properly dismissed count II of plaintiff's complaint.

¶ 38 III.

¶ 39 Finally, Plaintiff contends that the trial court erred in dismissing count III of his complaint, which named O'Brien as a defendant and alleged that he wrongfully terminated plaintiff in violation of the Whistleblower Act.

¶ 40 A plaintiff may bring a retaliatory discharge action only against his employer. *Buckner v. Atlantic Plant Maintenance, Inc.,* 182 Ill. 2d 12, 20-23 (1998). A claim may not be brought against the agent or employee who carried out the plaintiff's discharge on the employer's behalf because "only 'the employer' has the power to hire or fire an employee." *Id.* at 21. A retaliatory discharge claim brought against an employer's agent or employee should be dismissed. *Id.* at 22-23.

¶ 41 Here, plaintiff's employer was the District. Chief O'Brien is an agent and employee of the District. Even though Chief O'Brien terminated plaintiff, he did so on the District's behalf. See *id.* at 21. Plaintiff only has a cause against the District for his discharge. See *id.* at 20-23. Thus, the trial court properly dismissed plaintiff's claim against Chief O'Brien. See *id.* at 22-23.

CONCLUSION

*7 ¶ 42 The judgment of the circuit court of Kankakee County is affirmed.

¶ 43 Affirmed.

Justices Brennan and Davenport concurred in the judgment.

**All Citations**

Not Reported in N.E. Rptr., 2024 IL App (3d) 230036-U, 2024 WL 394614

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.